UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CHAPTER 13 PLAN

FILED ORLANDO DIVISION
2014 OCT 28 AM 10: 12
U.S. BANKRUPTCY COURT
MIDDLE DIST OF FLORIDA

Debtor(s) __Donna Jean Campbell__        Case No: __6:14-bk-11300-KSJ__
                                                   __Chapter 13__

[ _#_ Amended (if applicable)] Chapter 13 Plan

**CHECK ONE:**

_____ The Debtor certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

__X__ The Plan contains provisions that are specific to this Plan in <u>Additional Provisions, paragraph 5 below.</u> Any nonconforming provisions not set forth in paragraph 5 are deemed stricken.

**1. MONTHLY PLAN PAYMENTS:** Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. Debtor[1] to pay to the Trustee for the period of _____ months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditors pro-rata under the plan:

A.   $_____ for months _____ through _____ ;
B.   $_____ for months _____ through _____ ;
C.   $_____ for months _____ through _____ ;

in order to pay the following creditors:

**2. ADMINISTRATIVE ATTORNEY FEE:** $_____   TOTAL PAID $_____

Balance Due $_____          Payable Through Plan $_____ Monthly

**3. PRIORITY CLAIMS [as defined in 11 U.S.C. §507]:**

Name of Creditor                                                Total Claim
_____
_____
_____
_____

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

*Donna Jean Campbell*     CASE NO: 6:14-bk-11300-KSJ
Chapter 13

**TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**SECURED CLAIMS:**

**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection.

| Name of Creditor | Collateral | Adequate Protection Pmt. in Plan |
|---|---|---|
| | | |

**(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments Paid through the Plan:** Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor | Collateral | Estimated Payment |
|---|---|---|
| JPMorgan Chase | Residential Residence | $337.09 |
| Citifinancial | Residential Residence | $50.00 |

**(B) Claims Secured by Real Property Which Debtor Intend(s) to Retain / Arrearages Paid through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor | Collateral | Arrearages |
|---|---|---|
| | | |

2

**(C) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification:** Pending the resolution of a mortgage modification request, the Debtor shall make the following adequate protection payments to the Trustee, calculated at 31% of the Debtor's gross monthly income. Absent further order of this Court, the automatic stay shall terminate effective 6 months after the filing of the Debtor's bankruptcy petition:

**Name of Creditor    Collateral    Payment Amt (at 31%)**

_____
_____
_____

**(D)    Claims Secured by Personal Property to Which Section 506 Valuation is NOT Applicable Secured Balances:** Upon confirmation of the Plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

**Creditor    Collateral    Ad. Prot. Pmt.    Sec. Balance    Interest @ ____%**

_____
_____
_____
_____
_____

**(E) Claims Secured by Personal Property to Which Section 506 Valuation is Applicable:**

**Creditor    Collateral    Ad. Prot Pmt. in Plan    Value    Interest @ _____%**

_____
_____
_____
_____
_____

**(F) Claims secured by Personal Property: Regular Adequate Protection Payments and any Arrearages Paid in Plan:**

**Name of Creditor    Collateral    Ad. Prot. Pmt. in Plan    Arrearages**

_____
_____
_____

3



**(G) Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan. The automatic stay is terminated *in rem* as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate any codebtor stay or to abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

**Name of Creditor**                               **Property/Collateral**

_____
_____
_____
_____

**(H) Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay is terminated *in rem* as to these creditors/lessors upon the filing of this Plan. Nothing herein is intended to lift any applicable codebtor stay or to abrogate Debtor's state law contract rights. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

**Name of Creditor**                               **Property/Collateral to be Surrendered**

_____
_____
_____
_____
_____

**SECURED – LIENS TO BE AVOIDED/STRIPPED:**

**Name of Creditor**         **Collateral**              **Estimated Amount**

_____
_____
_____
_____
_____

**LEASES/EXECUTORY CONTRACTS:**

**Name of Creditor**   **Property**   **Assume/Reject-Surrender**   **Estimated Arrears**

_____
_____
_____

*Donna Jean Campbell  Case No: 6:14-bk-11300-KSJ*
*Chapter 13*

**GENERAL UNSECURED CREDITORS:** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is $_____.

**ADDITIONAL PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate (check one)*

   (a) __X__ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

   (b) __X__ shall vest in the Debtor upon confirmation of the Plan.

   *If the Debtor fails to check (a) or (b) above, or if the Debtor checks both (a) and (b), property of the estate shall not vest in the Debtor until the earlier of the Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.

5. Case Specific Provisions: *Disputing Citifinancial Claim of $111,294.44; Disputing AT&T Balance due; Disputing HMA Medical op Balance Due Because it has Not been presented to Insurance Company*

*Donna Campbell*
Debtor                                        Dated: 10/28/14

_____
Debtor                                        Dated: _____

5

Donna Jean Campbell   Case No: 6:14-bk-11300-KSJ
Chapter 13

| Creditor | Amount | Payment Plan |
|---|---|---|
| AT&T Mobility  Acct# 523019360241 | $1,487.06 | Dispute |
| Citifinancial  2009180122712 | $8,919.98 | $100.00 |
| Continental Finance MC  5206 XXXX 5037 | $859.29 | $40.00 |
| Florida Air Academy  1764 | $17,080 | $100.00 |
| General Electric  5456 | $352.52 | $20.00 |
| HSBC Card Svcs  57769002294-2069 | $592.80 | $30.00 |
| Huntington Nat'l Bank  60-2002692134 | $10,570.71 | $50.00 |
| Nationwide Credit, Inc.  1307751452 | $166.07 | $10.00 |
| Bank of Delaware (RF&I)  44101702.0044 | $423.30 | $20.00 |
| Rockledge HMA Med Gp  00440000061869 | $2,519.00 | Dispute |
| Walmart  6032203483654193 | $830.26 | $40.00 |

(2.A)

Donna Jean Campbell  CASE No: 6-14-bk-11300-KSJ
                                    Chapter 13
Education Loans = Currently Payments
                 are suspended while decision
is being made as to approval of
Total Loan Forgiveness due to my
disabilities.

$186,140.10   Total

Acct # 1267477   $9,672.00
                 $5,907.00
                 $22,131.00
                 $13,780.00
                 $8,500.00
                 $19,594.00
                 $8,500.00
                 $15,403.00
                 $8,500.00
                 $17,523.00
                 $8,677.00
                 $12,866.00
                 $8,012.00
                 $6,347.00

Acct # 2596483   $15,387.48

Acct # 9313083659   $10,360.62

Payment Plan

Under Review
for Total
Loan
Forgiveness